**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

KEVIN STATHAM,                          )
                                        )
        Petitioner,                )
                                        )
v.                                      )   **Case No. CIV 22-030-RAW-KEW**
                                        )
WILLIAM "CHRIS" RANKINS,                )
Warden,                                 )
                                        )
        Respondent.                )

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. (Dkts 1, 9). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Reformatory in Granite, Oklahoma. He is attacking his convictions in LeFlore County District Court Case No. CF-2011-220 for two counts of Murder in the First Degree. Petitioner has filed a response to Respondent's motion to dismiss. (Dkt. 11).

**I.      Petitioner's Claims**

Plaintiff complains that he could not raise all his habeas claims, because the habeas corpus form limited him to three grounds for relief. (Dkt. 1 at 11). He, therefore, listed all his claims in a 68-page "Case in Chief," which raises the following grounds for relief:

> I.      Compliance with the Antiterrorism and Effective Death Penalty Act [AEDPA] of 1996, and 28 U.S.C. § 2254, State Prisoner's time limits to file Habeas Corpus Relief.
>
> II.     The State of Oklahoma, [by and through counsel], has "waived" the exhaustion requirement(s) of 28 U.S.C. § 2254 §§ B(i)(ii). Further, the State of Oklahoma has rendered the Post-Conviction process tottally in effective, pursuant to 28 U.S.C. § 2254 §§ B(i)(ii). ["Wensch v. Oklahoma," 5:21-cv-826-PRW (10th Cir. 2021].
>
> III.    The State of Oklahoma lacks the requisite subject matter jurisdiction to prosecute, convict, and sentence Indian(s), [25 U.S.C. § 1301]. within Indian

>   Country. [18 U.S.C. § 1151, et seq.]. then in RETROSPECT <u>the State of Oklahoma . . . lacks the requisite subject matter jurisdiction to file</u> on Appearance upon this matter and it's <u>Answer</u> [along with all other pleadings] shall be STRICKEN from the record. ["RES NOVA"].
>
>   IV.   The Petitioner's lawyer was overly ineffective, within the standards of "<u>Strickland v. Washington</u>" 466 U.S. (1984). Counsel's unprofessional errors prejudiced the Petitioner and obstructed the timely filing of this federal Habeas Corpus Petition.
>
>   V.   The State of Oklahoma violated the Petitioner's constitutional right, [to jurisdiction], pursuant to <u>Article III, § 2. ¶ 3</u>.  ["RES NOVA"]
>
>   VI.   The State of Oklahoma violated the Petitioner's constitutional right(s) to be secure in HIS persons, house, papers. and effects against unlawfull searches and seizures, [with malice & aforethought], in violation of the 4th Amnd. ["Wong Sun v. U.S."] ["RES Nova"]

(Dkt. 11 at 2-3) (spelling, syntax, and punctuation in original).

Respondent alleges Petitioner filed this habeas corpus petition more than seven years beyond the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1), and the petition is therefore time barred.

**II.   Procedural History**

The record shows that on April 4, 2012, Petitioner was charged by Amended Information with two counts of First Degree Murder and one count of Possession of a Firearm, After Former Conviction of a Felony, in LeFlore County District Court Case No. CF-2011-220. (Dkt. 10-1 at 1-2). On May 16, 2012, a Bill of Particulars was filed, alleging three aggravating circumstances in connection with each of the two First Degree Murder counts. *Id.* at 3-6.

On April 3, 2013, Petitioner, represented by counsel, pleaded no contest to the two counts of First Degree Murder. (Dkts. 10-2, 10-3). The pleas were entered pursuant to a negotiated agreement that provided for consecutive sentences of life imprisonment without

the possibility of parole. (Dkt. 10-2 , Part A, ¶ 23). The plea form set forth the State's offer of proof:

> On or about or between the 4th day of July and the 6th day of July, 2011, [Petitioner] did cause the death of Helen & Paul Statham by shooting each with a .30-06 rifle thereby inflicting fatal wounds of which Helen & Paul Statham died. The crimes happened in LeFlore Co., OK.

(Dkt. 10-2, Part A, ¶ 35). Petitioner stipulated that the State's evidence was sufficient to sustain his convictions. *Id.* at ¶ 28. On May 16, 2013, the trial court sentenced Petitioner to two consecutive terms of life without parole for the murder convictions, in accordance with the agreement. (Dkt. 10-2, Part B; Dkt. 10-3). Petitioner did not seek to withdraw his plea or file an appeal. (Dkt. 1 at ¶ 11).

### III. Statute of Limitations

Respondent alleges the habeas petition is subject to dismissal, because it was filed beyond AEDPA's statute of limitations. Pursuant to 28 U.S.C. §2244(d),

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A. Timeliness Under 28 U.S.C.2244(d)(1)(A)

Petitioner did not seek to timely withdraw his guilty plea or seek a *certiorari* appeal to the Oklahoma Court of Criminal Appeals. His conviction, therefore, became final on Monday, May 27, 2013, ten days after entry of the Judgment and Sentence on May 16, 2013.[1] *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. The statutory year began to run the next day on May 28, 2013, and it expired on May 28, 2014. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date). This habeas corpus petition, filed on January 28, 2022, was untimely.

### B. Tolling Under 28 U.S.C. § 2244(d)(2)

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. "Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (citing *Burger v. Scott*, 317 F. 3d 1133, 1136-37 (10th Cir. 2003)). State procedural law determines whether an application for state post-conviction relief is "properly filed." *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003).

On March 4, 2016, Petitioner filed a motion for judicial review, asking the district court "to consider a modification or suspension" of his sentences. (Dkt. 10-4 at 1-2). Petitioner argued that for the previous thirteen months, he had maintained a clear conduct

---

[1] *See* Fed. R. Civ. P. 6(a)(1)(C) (stating that in computing time, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

record and achieved an earned level credit status of Level 4 with outstanding performance evaluations. *Id*. at 1. The state district court denied Petitioner's motion as untimely on March 11, 2016. *Id.* at 3.

While the issue of whether a motion for judicial review under Okla. Stat. tit. 22, § 982a, is a motion for "collateral review" for purposes of § 2244(d)(2) is unresolved in the Tenth Circuit, *Watie v. Aldridge*, No. CIV 16-117-RAW-KEW, 2017 WL 499967, at *2 (E.D. Okla. Feb. 7, 2017) (unpublished), it is not necessary to decide that issue in this case. Petitioner's motion was not properly filed, and his petition is untimely, even if this Court tolls the time his motion was pending in state court.

Likewise, Petitioner's November 13, 2018, petition for writ of mandamus in Case No. CF-2011-220 does not toll the limitations period. The mandamus petition sought to compel the county court clerk to provide him with "his Hearing Docket, his sentencing transcripts, and a list of all medical employees that were employed at the LeFlore County Detention Center from October 2011 until May 2013." (Dkt. 10-5 at 2). The state district court denied relief on the day of filing on the ground that the writ was improperly filed in Petitioner's criminal case. *Id.* at 3. On December 4, 2018, Petitioner served the district court in Case No. CF-2011-220 with a Notice of Writ of Mandamus Appeal. *Id.* at 4. Again, the appeal was improperly filed in the state district court, after the AEDPA deadline had passed. There is no indication in the record that Petitioner ever filed a proper appeal from the denial of mandamus relief. Further, the mandamus pleadings were filed well after the statute of limitations had expired.

Petitioner also wrote letters to the LeFlore County Court Clerk, dated April 15, 2019, and May 23, 2019, requesting land descriptions on file in the names of Petitioner's murder victims. (Dkt. 10-6 at 1-2). On May 24, 2019, Petitioner wrote a letter to his criminal judge,

asking to compel the court clerk to produce the desired land description documents. *Id.* at 3. On June 12, 2019, the district court responded by court minute that Petitioner had directed his requests to the incorrect record custodian. *Id.* at 4.

On April 20, 2021, Petitioner filed a motion to vacate, set aside, or correct sentence on the ground that "the State of Oklahoma lacks the jurisdiction to impose any judgment or sentence," with an attached Choctaw Nation of Oklahoma Membership Card in Petitioner's name. (Dkt. 10-7 at 1-2). On June 24, 2021, the state district court dismissed Petitioner's motion without prejudice pending resolution of the motion for rehearing in *Bosse v. State*, 484 P.3d 286 (Okla. Crim. App. 2021), *withdrawn by Okla. Crim. App.*, No. PCD-2019-124 (Mar. 11, 2021), which asserted the same issue as that raised in Petitioner's motion. *Id.* at 3.

On August 18, 2021, Petitioner filed an "application for post-conviction relief and request to vacate and set aside the judgment and sentence because the court lacked subject matter jurisdiction." (Dkt. 10-8). He cited *McGirt v. Oklahoma*, 591 U.S. __, 140 S. Ct. 2452 (2020), and *Sizemore v. State*, 485 P.3d 867 (Okla. Crim. App. 2021), alleging the offense[s] occurred in Indian Country, and 18 U.S.C. § 1153 provides for exclusive federal jurisdiction." *Id*. at 2. On January 24, 2022, the state district court denied the post-conviction application, noting that Petitioner's Judgment and Sentence was entered on May 16, 2013, and his convictions were final when *McGirt* was issued on July 9, 2020. (Dkt. 10-9). Further, *McGirt* did not apply retroactively pursuant to *State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. (2021), *cert. denied sub nom.*, *Parish v. Oklahoma*, 142 S.Ct. 757 (Jan. 10, 2022). *Id.*

While properly filed post-conviction actions toll the statute of limitations, any applications or post-conviction relief actions filed after the expiration of the limitation under

6

28 U.S.C. § 2244(d), cannot resuscitate an already-lapsed limitations period. *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). *See also May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (noting that AEDPA's one-year period "is tolled or suspended during the pendency of a state application for post-conviction relief properly filed *during* the limitations period" (emphasis added) (citing 28 U.S.C. § 2244(d)(2)). Because there were no tolling events within Petitioner's limitations period, which ran from May 28, 2013, to May 28, 2014, Petitioner is not entitled to any statutory tolling under § 2244(d)(2).

### C.   Statutory Extension of Limitation Period

While a state prisoner "ordinarily has one year to file a federal petition for habeas corpus starting from the date on which the judgment became final," the filing period will be adjusted if the petition alleges facts that satisfy one of the alternative triggering events at § 2244(d)(1)(B), (C), or (D). *See, e.g., McQuiggin v. Perkins*, 569 U.S. 383, 388-89 (2013); *Clark*, 468 F.3d at 714; *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner asserts that he is entitled to a delayed triggering date under all three of the alternatives, (B), (C), and (D). The Court finds, however, that Petitioner's allegations in support fail, as they are non-specific, factually unsubstantiated, legally insufficient, and conclusory.

"Section 2244(d)(1)(B) allows the limitation period to begin as of "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." *Clark*, 468 F.3d at 714. Petitioner identifies various circumstances that allegedly impeded his filing a timely application for habeas corpus. (Dkt. 2 at 9). He contends these impediments included the (1) vague and incorrect decisional law regarding the "definition of Indian Country" and the "actual location of the borders of Indian Country," which impediment "[n]ow and only now" has been "lifted" by the *McGirt* decision; (2) the

7

Oklahoma Attorney General filed "countless vexatious pleadings in disdain for the federal courts" and the *McGirt* decision, which "compounded the unconstitutional impediment" that prevents "all state prisoners from raising their factual predicates"; (3) Petitioner's public defender "concealed and refused to provide the entire defense file"; and (4) the county clerk's office "concealed and refused to provide all records filed upon his case." (Dkt. 2 at 7-10, 12-18, 55-58). Petitioner further claims that because of these "unconstitutional impediments" and his "poverty [unable to purchase vital records]," he was unable to timely raise his factual predicates in federal court. (Doc. 2 at 20).

Petitioner's claim that the pre-*McGirt* decisional law was "ambiguous to such a point that a lay person could not understand it" does not allege the three requirements of the subsection (B) trigger (Doc. 2 at 13) ("AEDPA's one-year statute of limitations is tolled until removal of (1) an 'impediment' that was (2) 'created by State action' and that (3) violated 'the Constitution or laws of the United States.' 28 U.S.C. § 2244(d)(1)(B)." *Head v. Wilson*, 792 F.3d 102, 110 (D.C. Cir. 2015). The petitioner must "show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." *Randle v. Crawford*, 604 F.3d 1047, 1055 (9th Cir. 2010) (citation omitted). *See also Villanueva v. Frawner*, 619 F. App'x 723, 725 (10th Cir. 2015) (explaining that petitioner's state-impediment claim failed because the evidence established that, even if it the "impediments" had not existed, the habeas petition still would have been untimely).

*McGirt* was a federal decision which, according to Petitioner's theory, provided necessary clarity for his federal jurisdictional claim to lift an impediment to seeking federal habeas relief on that ground. In *Head*, 792 F.3d at 110-12, the court rejected an argument analogous to Petitioner's and held: (1) unfavorable precedent is not an "impediment" within the meaning of subsection (B) because, although it may portend lack of success on a claim,

it does not prevent the claim from being raised; (2) unfavorable federal precedent is not "state action"; and (3) unfavorable precedent is not the equivalent of unconstitutional or illegal action. Further, Petitioner's complaint of ambiguity of federal decisional law does not qualify as a state-created unlawful impediment to support application of § 2244(d)(1)(B).

Respondent maintains Petitioner's claim that the Attorney General's *McGirt* litigation impeded his access to the federal court is clearly frivolous. First, Petitioner's time to file a timely habeas petition expired in May 2014, while *McGirt* was decided July 2020; therefore, any litigation undertaken by the Oklahoma Attorney General in response to *McGirt* could not possibly have impeded Petitioner's filing a timely habeas petition. Second, the State has a right and obligation to advocate its position in court; doing so is neither illegal nor unconstitutional. *See, e.g., Johnson v. Florida Dep't of Corr.*, 513 F.3d 1328, 1331-32 (11th Cir. 2008) (petitioner did not demonstrate the State's objection to producing documents requested by him was either illegal or unconstitutional and thus failed to show such opposition was a state-created impediment "in violation of the Constitution").

Here, Petitioner killed his parents in July 2011 by shooting his mother in the back of the head and shooting his father in the abdomen. (Dkt. 10-1 at 1; Dkt. 10-2 at 5). On April 3, 2013, he pleaded no contest to two counts of First Degree Murder in open court after being fully advised of the rights he was waiving and the penal exposure he was facing. (Dkt. 10-2). The Attorney General maintains he will utilize every lawful tool at his disposal to ensure Petitioner does not avoid justice for his crimes, especially based on a non-guilt-related reason, the existence of which escaped the notice of courts, law enforcement, and tribes alike for roughly a century. The Attorney General further maintains Petitioner has identified no action by the Attorney General, in his case or directed at him specifically, which unlawfully impeded his access to state or federal court at any time, nor has he identified when such

9

supposed impediment was lifted to permit him access.

The Court finds Petitioner's alleged inability to pay for "vital records" (Dkt. 2 at 20) was not an "impediment to filing an application for federal habeas relief within the meaning of § 2244(d)(1)(B), nor would it have prevented him from discovering the factual predicate of the claim or claims presented in his federal habeas petition, as described in § 2244(d)(1)(D)." *See Gauthier v. Higgins*, 175 F. App'x. 174, 176 (10th Cir. 2006) ("Contrary to Gauthier's assertions, his alleged inability to pay for the transcripts did not constitute an 'impediment to filing' an application for federal habeas relief within the meaning of § 2244(d)(1)(B), nor would it have prevented him from discovering 'the factual predicate of the claim or claims presented' in his federal habeas petition, as described in § 2244(d)(1)(D)."); *see also Klein v. Franklin*, 437 F. App'x. 681, 684 (10th Cir. 2011) ("the 'inability to pay for . . . transcripts [does] not constitute an impediment' to filing a habeas petition under § 2244(d)(1)(B)" (citing *Gauthier*, 175 F. App'x at 176)).

Petitioner's claim that the public defender "concealed and refused to provide [his] entire defense file" also does not support application of § 2244(d)(1)(B). Petitioner asserts his defense file "still has not been provided" to him as of the "the date of the filing of this Petition." (Dkt. 2 at 17). Petitioner's filing this petition despite alleged continued lack of access to his defense file, however, indicates that access to the defense file was not necessary to make the filing. *Cf. Williams v. Estep*, 259 F. App'x 69, 71-72 (10th Cir. 2007) (rejecting petitioner's claim that lack of access to copy of AEDPA in prison law library was a state-created impediment to filing, where petitioner in fact filed petition having no knowledge of AEDPA). Additionally, the state court record and habeas paperwork contain no evidence of effort by Petitioner to access the defense file or specific records in the defense file, nor of opposition by the public defender's office to such effort. Petitioner has not

10

demonstrated that the "policy" of the public defender's office in terms of access to file records is unlawful or unconstitutional. *Compare* Dkt. 2 at 16, 37-38 (citing *Tiger v. State*, 859 P.2d 1117 (Okla. Crim. App. 1993), as evidence of unlawful "impediment" created by public defenders who withhold case records) with *Tyler v. Owen*, No. 98-5101, 1999 WL 100930, at *1 (10th Cir., Mar. 1, 1999) (unpublished) (holding that *Tiger* decision, which denies access to transcripts to a petitioner "who 'ha[d] made no showing of need or a purpose' for her transcripts," is not unconstitutional) and *Johnson*, 513 F.3d at 1331-32 (reinforcing that state action must be illegal or unconstitutional to constitute an impediment within the meaning of subsection (B)). *See also Freeman v. Zavaras*, 467 F. App'x. 770, 774-75 (10th Cir. 2012) (rejecting subsection (B) claim that defense lawyers prevented petitioner's filing a timely petition by refusing to provide documents from their files; petitioner "had failed to demonstrate the existence of any unconstitutional state action because his attorneys were not state actors and because the denial of his motions for a loan of transcripts did not violate his constitutional rights").

As for Petitioner's allegation concerning the county court clerk, Petitioner does not indicate if or when he eventually received the requested records (Dkt. 2 at 18); *compare* Dkt. 2 at 26 (indicating petition is being filed "without all vital records required for appellate review") with *Williams*, 259 F. App'x at 71-72 (lack of access to copy of AEDPA in prison law library was not a state-created impediment to filing, where petitioner filed petition having no knowledge of AEDPA). Notably, Petitioner's string of letters to the clerk and his mandamus application to compel, were filed in 2018 and 2019 (Dkts. 10-5, 10-6 ), four and five years after his time for filing a habeas application had expired, implying lack of a causal connection between the records and the untimeliness of his habeas petition. *See Kerchee v. Jones*, 428 F. App'x. 851, 856 (10th Cir. 2011) (assuming truth of allegation that prison

11

officials deprived petitioner of his legal research and work product for six-month period, such alleged misconduct "purportedly occurred *after* [the] habeas petition was otherwise due under § 2244(d)(1)(A) . . . therefore it does not excuse [petitioner's] failure to file a timely habeas application") (emphasis in original). Additionally, the evidence before this Court does not indicate the court clerk's non-production of records was an "impediment . . . in violation of the Constitution," § 2244(d)(1)(B); the state record indicates, instead, that Petitioner requested the records from the wrong custodian or, in the case of mandamus, sought relief in the wrong court (Dkts. 10-5, 10-6); *cf. Johnson*, 513 F.3d at 1331-32 (reinforcing that state action must be illegal or unconstitutional to constitute an impediment within the meaning of subsection (B)).

Regarding both the defense file and records requested of the court clerk, Petitioner has not articulated what particular "documents held by the state were necessary to pursue his federal claim," *Clark*, 468 F.3d at 714, and when such alleged state-created impediments were removed and he received the documents so as to commence the one-year limitation period, *Clarke v. Rader*, 721 F.3d 339, 342 (5th Cir. 2013). The facts alleged in the petition and brief do not support the § 2244(d)(1)(B) trigger.

Respondent alleges that, construed liberally, Petitioner's habeas petition could be read to assert either or both alternative triggers at § 2244(d)(1)(C) and (D). (Dkt. 2 at 10, 19-20, 55-58). As quoted above, the limitations period shall run, under § 2244(d)(1)(C), from the "date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review," and, under § 2244(d)(1)(D), from the date "on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Petitioner asserts that *McGirt* "clearly established the borders of Indian Country" (Dkt. 2 at 15), that his crimes "occurred within Indian Country as defined by *McGirt*" (Dkt. 2 at 57), and that he filed this petition based on *Dodd v. United States*, 545 U.S. 353 (2005),[2] "now that 'Indian Country' has been defined." (Dkt. 2 at 58). Petitioner insists he "did NOT file this Petition pursuant to *McGirt* on the premise that the ruling did NOT establish a 'New Rule' pursuant to the AEDPA. The ruling only defined Indian Country." *Id. See also* Dkt. 2 at 45 ("The jurisdictional argument is nothing 'NEW' in Oklahoma."). Petitioner does not allege or argue that *McGirt* newly recognizes a constitutional right, but he does assert the *McGirt* ruling is "quasi-retroactive [in parts]" (Doc. 2, at 19), *but see* Dkt. 2 at 67 ("The Petitioner in NO WAY claims Retroactivity."). After careful review, the Court finds Petitioner's allegations are insufficient to support application of either the (C) or (D) trigger.

Further, if Petitioner is not relying upon *McGirt* as a "new rule," then the status of the decision's retroactivity is irrelevant under § 2244(d)(1)(C). Petitioner expressly relies on *Dodd*, which was decided in 2005, before he even committed his crimes, and which was a decision of statutory interpretation and did not recognize any constitutional right. Petitioner does not cite a Supreme Court decision other than *McGirt*, alleged to have "initially recognized" a right that impacts Petitioner's limitations period.

If the petition is to be read as relying upon *McGirt* to restart Petitioner's limitations clock, Oklahoma district courts consistently have determined that *McGirt* does not provide a new triggering date for purposes of subsection (C). *See, e.g., Stiltner v. Nunn*, No. 21-CV-0374, 2022 WL 951997, at *4 (N.D. Okla. Mar. 29, 2022) (unpublished) (the right the petitioner relied upon, "*i.e.*, the due process right to be prosecuted by a court of

---

[2] *Dodd* held that the one-year limitation period for filing a motion to vacate based on right that was newly recognized by the Supreme Court ran from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable.

13

competent jurisdiction, was neither 'initially recognized' nor 'newly recognized' by the Supreme Court in *McGirt*"); *Shields v. Crow*, No. CIV-21-1003, 2022 WL 291723, at *3 (W.D. Okla. Jan. 13, 2022) (unpublished) ("*McGirt* does not allow Petitioner additional time to file his habeas petition . . . because it did not recognize a new constitutional right"); *Donahue v. Harding*, CIV-21-183, 2021 WL 4714662, at *5 & n.7 (W.D. Okla. Sept. 15, 2021) (unpublished) (whether Creek Nation remained an Indian reservation for purpose of federal criminal law was a "non-constitutional issue"; "*McGirt* did not announce a newly recognized constitutional right"); *Sanders v. Pettigrew*, No. CIV-20-350, 2021 WL 3291792, at *5 (E.D. Okla. Aug. 2, 2021) (unpublished) (*McGirt* "did not break any new ground or recognize any new rights," rather it was "mere application of, and was dictated by, existing law"); *Maples v. Whitten*, No. 21-CV-0091, 2021 WL 4255615, at *5 (N.D. Okla. Sept. 17, 2021) (unpublished) (*McGirt* "did not recognize a new constitutional right when it relied on clearly established Supreme Court precedent" to determine Creek Reservation had not been disestablished); *see also McGirt*, 140 S. Ct. at 2479, 2481 (assuming procedural bars, statutes of repose and other "state and federal limitations on postconviction review" would apply to anticipated *McGirt* claims).

As for subsection (D), Petitioner asserts, "Now and only now, is the Petitioner able to file his Habeas Petition, claiming his factual predicate(s)." (Dkt. 2 at 58). Respondent contends Petitioner's allegations do not support application of § 2244(d)(1)(D), because Petitioner's jurisdictional claim is not "based on newly-discovered facts." *Sanders*, 2021 WL 3291792, at *5 (quoting *Hayes v. Bear*, No. CIV-18-391-D, 2018 WL 2943459, at *2 n.2 (W.D. Okla. June 12, 2018) (unpublished)). The alleged factual basis of Petitioner's claim is that he was charged and convicted of crimes that occurred in Indian Country and that he is a member of the Choctow Nation. (Dkt. 3). Petitioner "would have either known these

14

facts or could have discovered them through the exercise of due diligence at the time of his conviction." *Donahue*, 2021 WL 4714662, at *5; *see Montgomery v. Crow*, No. 17-CV-7445, 2022 WL 1174095, at *4 (N.D. Okla. Apr. 20, 2022) (unpublished) ("this Court has previously rejected the notion that the facts necessary to assert a claim challenging the State's lack of criminal jurisdiction over certain crimes committed by or against a Native American in Indian country were effectively undiscoverable before *McGirt* was decided in July 2020"); *Stiltner*, 2022 WL 951997, at *5 (holding § 2244(d)(1)(D) trigger did not apply even accepting petitioner's allegation that *McGirt* decided a fact necessary to his claim (that the location of his crime was within the boundaries of Indian Country), because petitioner could have discovered that factual predicate by exercise of reasonable diligence); *Jones v. Pettigrew*, No. CIV-18-633, 2021 WL 3854755, at *2 (W.D. Okla. Aug. 27, 2021) (unpublished) (holding § 2244(d)(1)(D) inapplicable to untimely *McGirt* claim, because petitioner had "not identified any facts--related to his claims or otherwise--that he was previously unable to discover and that reasonably affect[ed] the availability of the remedy of federal habeas relief") (internal quotations omitted); *see also Seals v. Smith*, No. CIV-19-1069, 2020 WL 6038760, at *4 (W.D. Okla. June 4, 2020) (unpublished) (rejecting reliance on § 2244(d)(1)(D) to plead timeliness of petition that alleged lack of jurisdiction, noting the petitioner "knew the factual predicate for his jurisdictional claim--*i.e.*, the location of his crimes and his status as a tribal member--when he entered his plea.").

While Petitioner implies his petition is timely, at best the *McGirt* decision alerted Petitioner to the potential legal significance of his Indian status and the location of his crime; such does not trigger a new start date under § 2244(d)(1)(D). *See Preston*, 234 F.3d at 1120 (rejecting petitioner's claim that limitations period restarted when state court handed down double jeopardy decisions that formed the legal basis for his claim; petitioner "was clearly

15

aware of both his administrative punishment and his subsequent criminal prosecution years before he filed his state petition. Nothing in [the state decisions] alerted Preston to any *factual* basis for his claim.") (emphasis in original) ; *see generally Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."). Because Petitioner has "not identified any facts . . . that he was previously unable to discover and that reasonably affected the availability of the remedy of federal habeas relief," Section 2244(d)(1)(D) does not apply to render his petition timely. *Jones*, 2021 WL 3854755, at *2. (internal quotation marks omitted). Petitioner has not established a statutory basis for extending the § 2244 limitations period. His petition is untimely.

### D. Equitable Tolling

Petitioner carries the burden of establishing equitable tolling, *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008), however, he has failed to allege or argue equitable tolling. Instead, he claims that the same circumstances that he categorized as "impediments" or "obstructions" under § 2244(d)(1)(B) were "out of his control" and "demonstrate an extraordinary circumstance imposed by the State." (Dkt. 2 at 20). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). Because Petitioner has failed to plead facts in support of equitable tolling, he is not entitled to such relief.

Petitioner also has not alleged or presented any evidence of his actual innocence. He blames many other actors for his procedural defaults but makes no showing that he has diligently pursued his federal rights since his conviction became final in May 2014. In fact, there are significant gaps in the state court record--for example between Petitioner's

16

conviction in May 2013 and his motion for judicial review in March 2016 (Dkt. 10-3, 10-4). Further, his petition for a writ of mandamus was not filed until November 2018 (Dkt. 10-5). Such inaction and dilatoriness do not provide evidence of extraordinary circumstances that stood in his way of filing sooner for federal habeas relief.

### IV.     Conclusion

After careful review, the Court finds Petitioner failed to file this petition for a writ of habeas corpus within the AEDPA's one-year limitation period, pursuant to 28 U.S.C. § 2244(d)(1), and he has not made a colorable argument for tolling, extraordinary circumstances, or actual innocence. Therefore, Respondent's motion to dismiss (Dkt. 9) should be granted.

### V.     Certificate of Appealability

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss time-barred petition (Dkt. 9) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 27th day of March 2023.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA